NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1156n.06

No. 11-2471

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Nov 08, 2012*
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| QUINTON STROUD, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: MOORE, GILMAN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Quinton Stroud appeals the district court's judgment affirming an administrative law judge's denial of his application for social security benefits. Having reviewed the record, we conclude that substantial evidence supports the ALJ's findings. We therefore affirm.

I.

Stroud claims to suffer from several impairments, including HIV, hepatitis B, depression, chronic fatigue, diarrhea, and nausea. He began work as an assembler for Ford Motor Company in 1992, but stopped in 2003 when he allegedly became overwhelmed by impairments. He filed an application for supplemental security income and disability benefits in 2004. The Social Security Administration initially denied the claim. Stroud sought a hearing before an ALJ, who concluded that he was not disabled because he could still perform his past work.

In March 2007, the Appeals Council remanded the case to the ALJ with instructions to consider more fully the opinions of Stroud's treating sources and to evaluate his subjective complaints. After the second hearing, the ALJ found that Stroud could not return to his past job, but that he was not disabled because he could perform unskilled sedentary work. The ALJ also determined that Stroud's complaints did not amount to a listed impairment in the relevant regulation. The ALJ cited Stroud's lack of credibility and a vocational expert's testimony that Stroud could perform a significant number of jobs.

The Appeals Council denied review of the ALJ's decision. Stroud then sought review in federal court. A magistrate judge recommended that the district court affirm the decision. The district court adopted the recommendation. This appeal followed.

II.

We review only whether the ALJ applied the correct legal standard and made findings supported by substantial evidence in the record. *See Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). Substantial evidence is evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.*

Stroud first argues that the ALJ improperly applied the treating-physician rule to Dr. Edward Roberts's opinion. The treating-physician rule requires an ALJ to give a treating-physician's opinion controlling weight if it "is well-supported by medically acceptable clinical and laboratory techniques" and is not "inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2). If the ALJ declines to give controlling weight, he must give "good reasons"

supported by evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

As Stroud's treating psychiatrist, Dr. Roberts diagnosed Stroud with bipolar disorder and determined that he could no longer work. For several reasons, however, the ALJ properly declined to give Dr. Roberts's opinion controlling weight. First, the ALJ noted that Dr. Roberts had overlooked Stroud's significant history of substance abuse. Stroud admitted abusing alcohol since he was eight years old and using powder and crack cocaine since he was a teenager. Just before Stroud stopped working in 2003, he was spending $150 a day on crack and had entered an inpatient detoxification program. Dr. Roberts's assessment stated only that Stroud "at times" used "substances to self medicate." Second, the ALJ noted that the record did not support Dr. Roberts's diagnosis. Stroud never complained of symptoms related to bipolar disorder or received psychiatric treatment. And Dr. Roberts's opinion conflicted with those of Dr. A. Kumar and Dr. F. Qadir, other psychiatrists who did not diagnose Stroud with bipolar disorder and did not observe the psychiatric symptoms that Dr. Roberts noted. Based on this conflicting evidence, the ALJ determined that Dr. Roberts's opinion was unsupported. The ALJ gave reasons enough for rejecting Dr. Roberts's opinion here.

Stroud also asserts that the ALJ should have given controlling weight to the opinion of Dr. Lawrence Crane, Stroud's treating physician, who described Stroud's symptoms, diagnoses, and prescriptions. As the ALJ noted, however, Dr. Crane never opined that Stroud's symptoms precluded him from employment. Dr. Crane simply noted Stroud's ailments and treatment. Thus, there was no opinion to be given controlling weight.

Stroud next argues that the ALJ erred by finding that Stroud was not credible because he used drugs. But the ALJ based his credibility determination on Stroud's conflicting accounts of his drug use, not on the fact that he used drugs. Stroud said at both hearings that he last used drugs in 2004, but his medical records show that he continued using crack in 2005 and 2006. Similarly, Stroud reported that he could not go out in public because of anxiety, but he also said that he traveled by public transportation on his own. Substantial evidence supports the ALJ's credibility determination. *Accord Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476–77 (6th Cir. 2003) (holding that an ALJ's credibility determination was reasonably based on the claimant's inconsistent testimony).

Stroud next argues that the ALJ could not consider Stroud's drug use unless the ALJ first found that Stroud was disabled. As noted above, however, the ALJ considered Stroud's conflicting stories about his drug use rather than the drug use itself. So this argument too is meritless.

Finally, Stroud argues that the ALJ erred in finding that he did not meet the criteria listing for HIV-wasting syndrome. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 14.08(H); *Sullivan v. Zebley*, 493 U.S. 521, 525 (1990). The listing states that HIV-wasting syndrome is "characterized by involuntary weight loss of 10 percent or more" and either "chronic diarrhea" for one month or "chronic weakness" coupled with fever documented at more than 100.4°F for the majority of a month.

Here, Stroud told a doctor in June 2004 that he had lost 40 pounds over 18 months. He then weighed approximately 160 pounds. But in April 2006, he weighed 181 pounds, and by May 2007 he weighed 227 pounds, which a doctor noted was obese. Dr. Crane's treatment notes also reflect

that Stroud did not always complain about diarrhea during visits, and that when he did he responded

quickly to treatment. Substantial evidence supports the ALJ's finding.

The district court's judgment is affirmed.